## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| PETER RICHARD SIEMONS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-759-O |
| | § | |
| UNKNOWN WARDEN, | § | |
| WISE COUNTY JAIL,  Et Al. | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER OF DISMISSAL
## UNDER 28 U.S.C. §§  1915A(b) and 1915(e)(2)(B)

This case is before the Court for review of pro-se Plaintiff Peter Richard Siemons's ("Siemon") claims under the screening provisions of 28 U.S.C. §§  1915A(b) and 1915(e)(2)(B). Having reviewed and screened the claims  as asserted in the amended complaint and more definite statement, the Court concludes that Siemons's claims must be dismissed under authority of these provisions.

### I.      BACKGROUND

Plaintiff Siemons initiated this suit by filing a typed civil complaint. Complaint, ECF No. 3. In accordance with the Court's miscellaneous order, Siemons was then directed to write his claims on the Court's civil rights complaint form, which he did by filing an amended complaint. Am. Complaint, ECF No. 13. The Court then directed him to answer specific questions about his claims in the form of an order to file a more definite statement. ECF No. 14. Siemons complied and filed a more definite statement (MDS). ECF No. 15.  His claims are thus set forth in these two pleadings.

In the amended complaint, Siemons named as defendants the unknown warden, Wise County Jail, Lieutenant Gadbury, and Lieutenant Cohen. Am. Complaint 3, ECF No. 13.  As to each of these

defendants, Siemons wrote that each "failed to provide proper medical attention when needed." *Id.*
at 3. Siemons then alleged the following Statement of Claim:

> On 3/4/19, I was denied proper medical attention by jailers Lieutenant Gadbury and
> Lieutenant Cohen at the Wise County Sheriff's Department 200 Rook Ramsey Drive,
> Decatur, Texas. As a result I was taken to the Hospital and on 3-5-2019 where I
> underwent emergency surgery to correct my medical condition. Lt. Cohen and Lt.
> Gadbury were both informed by me at the severity of my condition but elected to not
> make any medical action to prevent the worsening of my condition.

Am. Complaint 4, ECF No. 13.

In the more definite statement, Siemons clarified that he was transported from the
Wise County Jail to the Wise County Hospital where he had surgery for removal of part of
his large intestine, which resulted in him also being given a colostomy bag and medications
to prevent further infections. MDS 1-2, ECF No. 15. Siemons reports that he was in the
hospital from March 5 until March 10, 2019. *Id.* at 2. Siemons complains that both Lieutenant
Gadbury and Lieutenant Cohen initially failed on March 4 to take him to the jail medical
department, telling him that he would need to attend his scheduled court appearance, unless
authorized by medical. *Id.*

With regard to all of the defendants, the Court directed Siemons to answer whether
his factual claims amounted to a failure to provide reasonable care or negligence, or whether
they showed deliberate indifference to his serious medial needs by any of the defendants.
MDS 3, ECF No. 14. If Siemons believed the facts supported a claim of deliberate
indifference, the Court directed Siemons to state exactly those facts. *Id.* In response, Siemons
wrote "I believe the facts I answered to Questions 1-4 above show a failure to provide
reasonable care/negligence on behalf of the above mentioned Sheriff's Dept. employees."

MDS 2, ECF No. 15.

## II.     LEGAL STANDARD OF REVIEW UNDER §§ 1915A and 1915(e)(2)(B)

Plaintiff Siemons is an inmate who has been permitted to proceed in forma pauperis. As a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires a district court to review a complaint from a prisoner seeking relief from a governmental entity, officer, or employee as soon as possible after docketing. *See* 28 U.S.C.A. § 1915A(a) (West 2019). Because Siemons is proceeding in-forma-pauperis, his complaint is also subject to screening under 28 U.S.C. § 1915(e)(2). Both § 1915(e)(2) and § 1915A provide for *sua sponte* dismissal of the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.A. §§ 1915(e)(2)(B) and  1915A(b)(West 2019).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lack an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28.  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted.  *Id.*

## III.     ANALYSIS

### A.     Failure to State a Claim Upon Which Relief May be Granted

3

1.      Warden-No *Respondeat Superior*–Lack of Facts of Personal Involvement

In order for a prison official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *See  Murphy v.  Kellar,* 950 F.2d 290, 292 (5th Cir. 1992)("[A] plaintiff bringing a section 1983 action must specify the personal involvement of each defendant"); *Jacquez v. Procunier,* 801 F.2d 789, 793 (5th Cir. 1986) ("In order to successfully plead a cause of action in § 1983 cases, plaintiffs must enunciate a set of facts that illustrate the defendants' participation in the wrong alleged"). Siemons has not actually named the "warden" he writes about, but it is clear he intends to assert a claim against the person in charge of the Wise County Jail.  Even so, Siemons did not recite any particular conduct of the warden in his amended complaint or MDS.

In response to the Court's question in the order for a more definite statement as to this defendant's personal involvement with his factual allegations, Siemons wrote: "It was the responsibility of the warden to train his Sheriff's officer what to do in an event such as mine were to take place and what proper procedures to follow in case of an emergency." MDS 2, ECF No. 15. Siemons does not otherwise state any facts that relate to the failure-to-train claim. Otherwise, Siemons has named the warden on a claim that he was responsible for the actions of the subordinate officers. But to the extent Siemons has named the warden as responsible for the actions of subordinate officers under a theory of vicarious responsibility or *respondeat superior,* such a claim alone is insufficient to state a claim under § 1983. *See Ashcroft,* 556 U.S. at 676 (2009) (citing *Monell v. New York Dep. of Social Servs.*, 436 U.S. 658, 691 (1978)); *see also Bell v. Livingston*, 356 F. App'x 715, 716-17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability"). As Siemons alleges no sufficient personal involvement by the warden, his  claim against this defendant must be dismissed.

2.   No Allegation of Deliberate Indifference

Siemons alleges that Lieutenants Gadbury and Cohen delayed him from receiving needed medical care. Assuming Siemons was a pre-trial detainee at the time of the events made the basis of this case, his rights flow from the procedural and substantive guarantees of the Fourteenth Amendment. *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525-26 (5th Cir. 1999). The Fourteenth Amendment protects a detainee's right to be free from punishment prior to an adjudication of guilt. *See Bell v. Wolfish,* 441 U.S. 520, 535 n.16 (1979). The Fourteenth Amendment also requires the state to provide for the basic human needs of pre-trial detainees, including the right to adequate medical care. *Lacy v. Shaw,* 357 F. App'x. 607 (5th Cir. 2009) (citing *Hare,* 74 *v. City of Corinth,* 74 F.3d 633, 639 (5th Cir. 1996). "The Fourteenth Amendment guarantees pretrial detainees a right 'not to have their serious medical needs met with deliberate indifference on the part of the confining officials.'" *Dyer v. Houston*, 964 F.3d 374, 380 (5th Cir. 2020) (citing *Thompson v. Upshur Cty*., 245 F.3d 447, 457 (5th Cir. 2001)).

In order to establish a violation of this constitutional right, a detainee must show that the defendants acted with deliberate indifference to his serious medical needs. *Lacy*, 357 F. App'x at 609. To make a claim of deliberate indifference, a plaintiff must demonstrate that the defendant official has actual subjective knowledge of a substantial risk of serious harm, but responds with deliberate indifference to that risk. *Id.* (citing *Hare*, 74 F.3d at 647-48). Such a finding of deliberate indifference, though, "must rest on facts clearly evincing 'wanton' actions on the parts of the defendants." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985); *see also Wilson v. Seiter*, 501 U.S. 294, 297 (1991).

In the medical care context, a detainee must show that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Lacy*, 357 F. App'x  at 609

(citing *Johnson*, 759 F.2d at 1238). A delay in providing medical care is not a violation of this constitutional right unless it results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Allegations of negligence in the provision of medical care are not sufficient to maintain an action under 42 U.S.C. § 1983. *See, e.g.*, *Daniels v. Williams*, 474 U.S. 327, 332 (1986) (concluding that the constitution "is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property"); *Thompson*, 245 F.3d at 458-59 (noting that deliberate indifference cannot be inferred from "negligent or even a grossly negligent response to a substantial risk of serious harm.")

As noted above, when asked to provide any facts that showed deliberate indifference to his medical needs, Siemons declined, stating instead that the facts showed a failure to act reasonably or possible negligence on the part of the defendants. Because he has alleged that the facts made the basis of his complaint support only a claim of negligence, Siemons has not stated a constitutional violation. Therefore, his remaining claims must be dismissed for failure to state a claim upon which relief may be granted.

## IV.     CONCLUSION and ORDER

It is therefore **ORDERED** that all plaintiff Peter Richard Siemons's claims are **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(1) and alternatively under 28 U.S.C. § 1915(e)(2)(B) (ii) .

**SO ORDERED** this **27st day** of **October, 2020.**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**